```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDDIE JOE JOHNSON JR.,

                Plaintiff,

       -against-                        MEMORANDUM & ORDER
                                        22-CV-0325(JS)(AYS)
RICHARD HOROWITZ, Acting
Supreme Court Justice;
STEVE FONDULIS, Attorney; TIMOTHY
SINI, District Attorney; JOHN DOE,
Assistant District Attorney,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Eddie Joe Johnson, Jr. pro se
                    429885
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearance.
```

SEYBERT, District Judge:

On January 14, 2022, pro se plaintiff Eddie Joe Johnson, Jr. ("Plaintiff") commenced this action while incarcerated by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against acting-Supreme Court Justice, Suffolk County, Richard Horowitz; Steve Fondulis, Esq.; Suffolk County District Attorney Timothy Sini; and an unnamed Suffolk County Assistant District Attorney, "John Doe" (collectively "Defendants"). (Compl., ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis ("IFP") with the Complaint but did not include the authorization form required pursuant to the Prison Litigation

Reform Act ("PLRA").  By Notice of Deficiency dated January 19, 2022, the Clerk of the Court instructed Plaintiff to complete and return the enclosed PLRA authorization form within fourteen days. (See Not. of Def., ECF No. 3.)  On January 27, 2022, Plaintiff timely filed the PLRA authorization form.  (PLRA Form, ECF No. 5.)

For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND[1]

Plaintiff utilized the Court's form complaint for civil rights actions pursuant to Section 1983 and seeks the dismissal of state criminal charges against him.  In its entirety, Plaintiff alleges that:

> I was arraigned on 2-25-2021 & assigned Steve Fondulis of 503 Main St. Port Jefferson NY 11777 as my attorney of record.  After receiving misinformation from him & seeing his resistance in defending me on approximately 4-30-2021 during a court proceeding by video conference I asked Judge Horowitz to relieve Mr. Steve Fondulis as my attorney of record because I felt he didn't have my best interests when representing me & showed to be inefficient counsel & reassign me a new attorney.  He said yes to my request & on that date at that time he assigned Mr. Halloran.  When I returned to court on 7-1-2021 I was being arraigned & told I had been indicted on 6-25-2021 & Mr. Steve Fondulis was still representing me as my counsel.  I asked Judge Horowitz how & why

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

>Steve Fondulis still my counsel & he replied "I thought you two worked something out" and Steve Fondulis is still currently my counsel.  I have been incarcerated in Suffolk County Correctional Facility for 11 months, I've been indicted for 7 months & I still have not received my discovery.  I am a victim of a conspiracy to deprive me of my constitutional rights by Judge Richard Horowitz, Steve Fondulis my "attorney" & the ADA on my case who was present when I asked for reassignment of counsel.

(Compl. ¶ II.)  In the space on the form that asks about any injuries, Plaintiff claims to have suffered "mental & emotional distress" as well as unspecified "financial hardship."[2]  (Id. ¶ 2.A.)  The only relief Plaintiff seeks is to have "the charges against me dismissed."  (Id. ¶ III.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's IFP application is GRANTED.

II. Analysis

    A. Consideration of the Complaint Under 28 U.S.C. § 1915A

Section 1915A of Title 28 requires federal district

---

[2] The Court notes that Plaintiff reported that he has not been employed since August 30, 2014 in his IFP application.  (See ECF No. 2 ¶ 2.)

3

courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See Prison Litigation Reform Act, 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint without prejudice if the Court lacks subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

B. Abstention

In Younger v. Harris, the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." 401 U.S. 37, 45 (1971). In Sprint Communications, Inc. v. Jacobs, the Supreme Court clarified that Younger abstention is required in one of three types of state court proceedings:

> First, Younger preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[] abstention. Finally, federal courts [should] refrain[] from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state

5

courts' ability to perform their judicial functions. 571 U.S. 69, 78 (2013) (internal quotation marks and citations omitted); see also Lowell v. Vt. Dep't of Children & Families, No. 19-CV-3987, 2020 WL 7038598, at *1 (2d Cir. Dec. 1, 2020) (affirming district court's application of Younger abstention).

Here, because the sole relief Plaintiff seeks is for this Court to intervene in the ongoing state court criminal proceedings against him, this Court must abstain. First, dismissing the charges against Plaintiff would surely constitute the type of "federal intrusion into ongoing state criminal proceedings" that Younger proscribed. Sprint Commc'ns, 571 U.S. at 70. Moreover, Plaintiff fails to allege any facts that would bring his case within any exception to the general requirement that the federal court abstain from intervening in, or enjoining, pending state criminal proceedings. Accordingly, the Court ABSTAINS from adjudicating Plaintiff's constitutional claims given that he seeks exclusively injunctive relief regarding his pending criminal case. See Diamond "D" Const. Corp. v. McGowan, 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."); Player v. Sini, No. 21-CV-5613, 2021 WL 5084172, at *2 (E.D.N.Y. Nov. 1, 2021). Thus, the

6

Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3).

Last, although courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application is GRANTED;

**IT IS FURTHER ORDERED** that the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant Federal Rule of Civil Procedure 12(h)(3) and that this case is CLOSED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record and include the notation "LEGAL MAIL" on the

envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  7 , 2022
       Central Islip, New York